UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARBARA RITCHIE,

     Petitioner,

v.                                    Case No.  3:15cv495/LC/CJK

JULIE JONES,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition, providing relevant portions of the state court record.  (Doc. 14).  Petitioner has responded in opposition to the motion.  (Doc. 16).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 25, 2007, petitioner was charged in Santa Rosa County Circuit Court Case No. 07-CF-1307, with trafficking in illegal drugs (hydrocodone) (Count 1), introduction of contraband into a state correctional institution (hydrocodone) (Count 2), and possession of a controlled substance (cannabis) (Count 3).  (Doc. 14, Ex. B).[1]  Prior to trial, petitioner entered a "straight up" no contest plea to Count 3. (Ex. C).  Petitioner went to trial on Counts 1 and 2, and was found guilty by jury verdict of both counts as charged.  (Exs. D, E).  Petitioner was adjudicated guilty and sentenced on October 28, 2008, to a mandatory minimum of 15 years imprisonment on Count 1, a concurrent 15-year term of imprisonment on Count 2, and 12 months time served on Count 3.  (Exs. G, H).  The Florida First District Court of Appeal (First DCA) affirmed the judgment on August 17, 2010, per curiam and without a written opinion.  *Ritchie v. State*, 43 So. 3d 697 (Fla. 1st DCA 2010) (Table) (copy at Ex. O).

On November 2, 2010, petitioner filed a *pro se* motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c).  (Ex. P).  The state circuit court denied the motion on November 10, 2010.  (Ex. Q).

---

[1] All references to exhibits are to those provided at Doc. 14, unless otherwise noted.

On August 22, 2012, petitioner filed a *pro se* state habeas petition alleging ineffective assistance of appellate counsel.  (Ex. R).  The First DCA denied the petition on the merits on September 18, 2012.  *Ritchie v. State*, 97 So. 3d 326 (Fla. 1st DCA 2012) (copy at Ex. S).

Also on August 22, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. T).  The state circuit court struck the motion as facially insufficient with leave to amend.  (Ex. U). Petitioner filed an amended motion.  (Ex. V).  After ordering the State to respond to one claim (Ex. X), the circuit court denied relief without an evidentiary hearing.  (Ex. Y).  The First DCA per curiam affirmed without a written opinion.  *Ritchie v. State*, 125 So. 3d 156 (Fla. 1st DCA 2013) (Table) (copy at Ex. CC).  The mandate issued December 10, 2013.  (*Id*.).

On October 31, 2014, petitioner filed a second *pro se* motion for postconviction relief under Fla. R. Crim. P. 3.850, alleging newly discovered evidence.  (Ex. DD).  The state circuit court struck the motion as facially insufficient with leave to amend.  (Ex. EE).  Petitioner filed an amended motion.  (Ex. FF).  The circuit court summarily denied relief.  (Ex. GG).  The First DCA per curiam affirmed without a written opinion.  *Ritchie v. State*, 173 So. 3d 970 (Fla. 1st DCA 2015) (Table) (copy at Ex. KK).  The mandate issued October 6, 2015.  (*Id*.).

Petitioner filed her federal habeas petition on October 28, 2015. (Doc. 1). The petition presents one claim: "Newly discovered evidence, violation of petitioner's 6th Amendment right – FDLE analyst who oversaw testing and weight of hydrocodone in petitioner's case has been charged with tampering or fabricating physical evidence to exhibits submitted to FDLE lab for testing." (Doc. 1, p. 4). Petitioner states that she discovered the factual predicate of her claim on February 4, 2014, following the arrest of Joseph Graves, an analyst for the Florida Department of Law Enforcement (FDLE) employed at the laboratory in Pensacola, Florida. (*Id*.). Petitioner alleges that Mr. Graves was charged with multiple counts of grand theft of a controlled substance, trafficking in illegal substances, and tampering with and fabricating physical evidence related to exhibits submitted to FDLE for testing. (*Id*.). Respondent asserts that even assuming *arguendo* that the petition is timely,[2] it should be dismissed because petitioner's claim is procedurally defaulted. (Doc. 14, pp. 18-28).

## DISCUSSION

Because petitioner filed her § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

---

[2] Respondent asserts that if the statute of limitations is governed by 28 U.S.C. § 2244(d)(1)(A), the petition is nearly four years out of time, but if governed by § 2244(d)(1)(D), the petition is timely. (Doc. 14, pp. 7-8).

AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending".  28 U.S.C. § 2244(d)(2).

Petitioner's newly discovered evidence claim asserts, essentially, that the facts supporting the claim could not have been discovered through the exercise of due diligence until February 4, 2014, when Mr. Graves was arrested.  Calculating the

limitations period using § 2244(d)(1)(D) as the trigger, the petition is timely, as less than one year of untolled time passed between February 4, 2014, and October 28, 2015.  *See, e.g., Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008) (holding that the inquiry under § 2244(d)(1)(D) "focuses on 'whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are newly discovered.'" (*quoting In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997))).

The remaining issue is whether petitioner's claim is procedurally defaulted. Respondent asserts that although petitioner now says that her claim arises under the Sixth Amendment, she did not raise that particular legal basis for relief in state court. Respondent notes that petitioner does not identify what aspect of the Sixth Amendment is implicated by her claim, but regardless, she did not mention, much less fairly present a Sixth Amendment claim to the state court in her second Rule 3.850 proceeding.  Respondent contends that because petitioner cannot now return to state court to exhaust the federal constitutional nature of her claim (if there is one), the claim is procedurally defaulted.  (Doc. 14, pp. 18-22).

Petitioner responds that she satisfied the exhaustion requirement by "rais[ing] the exact same facts to the state court that she raised in her 2254 Petition."  (Doc. 16, p. 2).  Petitioner argues that "although she did not actually use the words 6th Amendment Violation in her state court motions, it should have been inferred based

upon the facts presented in the ground and that tampering with evidence in any case is a Violation of the Sixth Amendment." (*Id.*).  Petitioner contends that by making an allegation of evidence tampering, she gave the state court the opportunity to apply relevant, controlling Sixth Amendment principles.  Petitioner refers the court to two state court cases, *Beazley v. State*, 148 So. 3d 552 (Fla. 1st DCA 2014), and *Kenyon v. State*, 146 So. 3d 1289 (Fla. 1st DCA 2014), where the defendants were granted postconviction relief on their respective possession and trafficking convictions based on the arrest and prosecution of Mr. Graves.  (*Id.*, pp. 2-3).

Despite petitioner's contention, any Sixth Amendment claim arising from petitioner's allegations is procedurally barred because she did not fairly present that federal constitutional question to the state postconviction court.  As the Eleventh Circuit explained in *French v. Warden, Wilcox State Prison*, 790 F.3d 1259 (11th Cir. 2015):

> The "fair presentation" requirement is designed to ensure that state courts have the opportunity to hear all claims.  *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971).  Accordingly, federal courts require a petitioner to present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation."  *Kelley v. Sec'y Dept. of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004). . . . The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  *Id.* at 1345 (internal quotation omitted).

*Id*. at 1270-71.  Although it is difficult to "pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies," it is clear that petitioner's state court pleadings did not meet this threshold.  *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).  Petitioner's state postconviction motion and supporting memorandum cited exclusively to two state cases, and all of her substantive arguments addressed Florida law.  In particular, petitioner argued that her case was analogous to the *Kenyon* case where the First DCA reversed a defendant's trafficking in hydrocodone conviction where Mr. Graves was the FDLE analyst who testified as to the nature and quantity of the controlled substance forming the basis of the charge.  (Doc. 14, Ex. FF (discussing *Kenyon, supra*)).  Petitioner also discussed *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998), for the proposition that she met Florida's "newly discovered evidence" standard for setting aside her conviction.  (*Id*.).  Petitioner made no mention of the United States Constitution, a right protected by the Constitution or federal law, any federal standard, or any federal case law.  Petitioner's state court pleadings would not have alerted the state postconviction court to a Sixth Amendment claim.  *McNair*, 416 F.3d at 1302-04 (concluding that petitioner failed to fairly present his federal constitutional claim to the state court where he relied almost exclusively on state law and only referenced federal law twice:  the first by citing to a federal case, and the

second by stating in the closing paragraph of his argument that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated based on the jurors' consideration of extraneous evidence).  Additionally, although petitioner is correct that she presented the state court with the same **facts** supporting her present Sixth Amendment claim, that is not enough to satisfy the exhaustion requirement. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." (citations omitted)); *Picard*, 404 U.S. at 277 (rejecting the contention that the petitioner satisfied the exhaustion requirement by presenting the state court only with the facts necessary to state a claim for relief); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1350 (11th Cir. 2004) ("To exhaust the claim sufficiently, Kelley must have presented the state court with this particular legal basis for relief in addition to the facts supporting it."). As petitioner is barred by state procedural rules from returning to state court to present the federal constitutional nature of her claim, the claim is procedurally defaulted from federal habeas review.

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice.  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).  "For cause to exist, an external impediment, whether it be

governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).   The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  The *Schlup* standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327.  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted [her]." *Id.*

Petitioner has made none of the requisite showings to excuse her procedural default.  Petitioner's claim is not one of factual innocence.  Nonetheless, even assuming *arguendo* that it could be so construed, and that the arrest and prosecution of Mr. Graves qualifies as newly discovered evidence, petitioner still cannot carry her heavy burden under *Schlup*.  Under Florida law, "[r]elevant physical evidence is

admissible unless there is an indication of probable tampering." *Peck v. State*, 395 So. 2d 492, 495 (Fla. 1980).  This is a test for determining whether the chain of custody is established.  In order to demonstrate probable tampering, the party attempting to bar evidence must show that there was a probability that the evidence was tampered with – the mere possibility is insufficient." *Armstrong v. State*, 73 So. 3d 155, 171 (Fla. 2011).

Looking to the trial record, the State established an unbroken chain of custody of the hydrocodone – State's Exhibit 5 – from its collection and packaging by Inspector Jerry Livingston, Jr., his transfer thereof to Inspector Diane Ledkins who personally transported the evidence to FDLE, and FDLE lab analyst Teresa M. Pribbenow, who **personally** opened the **still sealed** package and **personally** tested the evidence.  (Doc. 14, Ex. D, pp. 118, 175-176, 180, 184-188).  As FDLE analyst Pribbenow testified at trial:

> Q    Exhibit 5.  What is Exhibit 5?
>
> A    It is hydrocodone, 21.5 grams.
>
> Q    And as far as evidence of tampering with Exhibit Number 5, how do you know that that evidence was not tampered with?  Or the hydrocodone was not tampered with?
>
> A    **It was in a sealed condition *when I received it*.**
>
> Q    Was there any evidence of tampering with it?

A      No sir.

Q      From the time that the seal was broken on the sample until the sample was resealed, was the sample continually in the care, custody, and control of your lab?

A      Yes, sir.

(Ex. D, p. 185) (emphasis added).  Petitioner offers her speculation that "whether or not Joseph Graves was the actual analyst who worked on her case or not, he was the supervisor and chemist at the FDLE lab and by virtue of his supervisory position he had full access to the prescription pills form the above case numbers sent by the Santa Rosa County Sheriff's Department to be analyzed and tested."  (Doc. 1, p. 5). Petitioner's allegation that Graves **could have** accessed the evidence in her case does not make it "more likely than not that no reasonable juror would have convicted [her]".  *Schlup*, 513 U.S. at 315.  As found by the state circuit court in denying relief:

> Even if Defendant's motion were not considered facially insufficient, Defendant's claim fails on the merits.  Defendant is unable to demonstrate that because Mr. Graves has now been charged with multiple felonies Defendant would have "probably" been acquitted at trial.  Defendant's speculation that Mr. Graves might have tampered with the evidence in her case is not enough to warrant relief.

(Doc. 14, Ex. GG).

## CONCLUSION

To the extent petitioner's claim raises a federal constitutional challenge to her conviction, the claim is procedurally barred from habeas review.  To the extent

petitioner's claim is based on state law, it provides no basis for federal habeas relief. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983) ("A state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 14) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Barbara Ann Ritchie*, Santa Rosa County Circuit Court Case No. 07-CF-1307, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of November, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.